**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Bernessa Hodor** | ) | |
| 4850 Eisenhower Ave, Apt. 425, | ) | |
| Alexandria, VA 22304 | ) | |
| **Plaintiff,** | ) | **Civil Case No.: 1:16-cv-00005** |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **Target Corporation** | ) | |
| 1000 Nicollet Mall | ) | |
| Minneapolis, Minnesota 55403 | ) | |
| **Defendant.** | ) | |
| | ) | |
| **SERVE:** C.T. Corporation, | ) | |
| Registered Agent | ) | |
| 1015 15th St NW | ) | |
| #1000 | ) | |
| Washington, DC 20005 | ) | |
| | ) | |

## COMPLAINT

Comes now the plaintiff, Bernessa Hodor, by and through her undersigned counsel and represents to this Honorable Court as follows:

1.   This is a suit brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and pursuant to the D.C. Human Rights Act, D.C. Code § 2- 1401.1 *et seq.* to obtain money damages and equitable relief for race (African- American) discrimination in the terms and conditions of employment.

2.   This suit is brought against Target Corporation (hereinafter referred to as "Target" or "the defendant") in its capacity as an Employer. It is engaged in interstate commerce throughout the United States.

## JURISDICTION AND VENUE

3.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C Sec. 1331 on grounds

of subject matter jurisdiction of a federal question.

4.       Venue is appropriate under 28 U.S.C. 1391, because this is the judicial district in

which the cause of action arose and discriminatory practices occurred.

5.       Plaintiff has exhausted all administrative requirements, by timely submission of

formal administrative complaints to the Equal Employment Opportunity

Commission (hereinafter, "EEOC") and to the D.C. Office of Human Rights

("OHR").   OHR discontinued processing the plaintiffs' administrative complaint

in view of the EEOC involvement.   The EEOC issued a Right to Sue Letter on

October 30, 2015. This action is being commenced within 90 days of the issuance

of the aforesaid letter.

## PARTIES

6.       Plaintiff is an African-American female, who resides at 4850 Eisenhower Ave,

Apt. 425, Alexandria, Virginia, and who ---during the time at issue herein---was

employed by Target at its Store #2259 located in the Columbia Heights

neighborhood in the District of Columbia.

7.       Defendant Target is a for-profit corporation, which owns and operates so-called

"big box" retail stores with hundreds of such facilities throughout the United

States, including a store in the District of Columbia. Defendant maintains its

corporate headquarters at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. At

all times pertinent to this Complaint, defendant Target owned and operated Store

#2259, located at 3100 14th St NW, Washington, DC 20010, where plaintiff was employed.

## STATEMENT OF FACTS

8.    Plaintiff started working for Target as an Executive Team Leader in June 2013. After completing her training, plaintiff was assigned to the 14th Street Columbia Heights, Target location (Store #2259).

9.    Plaintiff performed her job duties at Defendant's Columbia Heights Store  in a highly satisfactory manner as instructed by local Target management,  by *inter alia,* consistently improving her work section's metrics above the pace of the other departments.

10.    Plaintiff was supervised by one Michael Yost, a white male (hereinafter referred to as "Yost"). At all times pertinent to this Complaint, Yost acted on behalf of Defendant Target in his workplace interactions with the plaintiff.

11.    During plaintiff's employment at Target, Yost stated to the plaintiff: "Don't you think there are too many black leaders in the building?" Plaintiff reported this comment to Target's Human Resource Department.

12.    On Monday, January 26, 2015, Yost informed plaintiff that another employee supervised by the plaintiff had left unguarded money at a register.  Yost told plaintiff she would be held responsible for this mistake. Plaintiff explained in response to this false accusation that at no time did she handle monies leaving the register, except for a final accounting when monies were deposited into the safe.

13.    That day, having been informed by Yost of a potential mistake by one of her subordinates, plaintiff performed her duties as an Executive Team Leader, and

visited the security office to view the video footage of the alleged incident, for possible discipline of her subordinate.

14.     After the security video handlers played the video of the alleged incident, the plaintiff discovered that no money had been left unguarded, and that Yost's allegations were plainly false.

15.     The same day, Monday, January 26, 2015, plaintiff spoke to Yost. During this conversation, plaintiff explained to Yost that his suspicions were false, and that no monies had improperly been left unattended at the register.  Yost did not acknowledge his mistake, but rather accused plaintiff of "interfering with an investigation." When plaintiff asked what investigation he was referring to or how viewing the video as requested would interfere with any alleged investigation, Yost did not provide an explanation, but simply repeated the new accusation.

16.     On January 31, 2015, Yost informed plaintiff that she was terminated immediately for interfering with an investigation.

17.     Plaintiff's position was later filled by a white male.

18.     Due to Target's termination of the plaintiff, she was without pay for almost an entire year, did not receive the monetary bonus she would have been awarded had she not been terminated. She lost other economic benefits of employment, including but not limited to the Employer's payment share of social security taxes.

## <u>CLAIMS</u>

**I.  Defendant Engaged in Discriminatory Conduct Because Of Plaintiff's Race.**

19.     Plaintiff incorporates herein by reference paragraphs 1 through 18 above.

4

20.     Defendant, acting through its supervisory agents and employees, engaged in discriminatory conduct resulting in Plaintiff's termination.

21.     Defendant's accusation that the Plaintiff was responsible for another employee leaving monies at a register unattended was a pretext for racial discrimination. This allegation of improper supervision was proven to be completely without merit.

22.     Defendant's termination of plaintiff on January 31, 2015 for allegedly interfering with an investigation was also a pretext for racial discrimination.  Plaintiff performed her duties properly in supervising her subordinates as directed.

23.     Defendant knew or should have known that its management employee, Yost, had openly declared his discriminatory intent by deploying racial bias against the plaintiff by falsely accusing her of dereliction of duty, falsely accusing her of interfering with an investigation, and then wrongfully terminating her employment.

24.     Defendant's termination of the plaintiff was motivated by racial animus, and was patently discriminatory, thus violating the Title VII Civil Rights Act of 1964 as amended as well as the D.C. Human Rights Act, D.C. Code

<u>**RELIEF REQUESTED**</u>

**WHEREFORE**, the premises considered, plaintiff requests this Court to provide her with the following relief:

25.     Order defendant to reinstate plaintiff to her former position with full back-pay, lost bonuses, and other benefits she would normally have accrued in the absence of discrimination;

26.     Order defendant to compensate plaintiff for compensatory and punitive damages, because of defendant's intentional discrimination against the plaintiff;

27.     Order defendant to compensate plaintiff for her reasonable attorney's fees and costs associated with having to bring this action to enforce her rights to be free of discrimination;

28.     Order such other relief as is necessary and proper to make the plaintiff whole for her economic damages in order to implement fully Title VII of the Civil Rights Act of 1964 as amended as well as the D.C. Human Rights Act, § 2- 1401.1 *et seq.*

Respectfully submitted,

/s/Lawrence S. Lapidus
Lawrence S. Lapidus, Bar No.: 175042
**THE LAPIDUS LAW FIRM, PLLC**
1990 M Street, N.W., Suite 350
Washington, D.C.  20036
Office: (202) 785-5111 ext. *11
Fax: (202) 318-8799
llapidus@lapiduslawfirm.com
*Attorney for Plaintiff Hodor*

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues to which she is entitled to a jury trial under law.

/s/ Lawrence S. Lapidus
Lawrence S. Lapidus